UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ORVILLE RODRIGUEZ,

                  Plaintiff,

      v.

EDWARD HULTON, and
PHIL GREIS,

                  Defendants.

**DECISION
and
ORDER**

04-CV-882F
(consent)

---

APPEARANCES:        ORVILLE RODRIGUEZ, *Pro Se*
02-B-1478
Clinton Correctional Facility
Box 2001
Dannemora, New York 12929

                           ANDREW M. CUOMO
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants
KIM S. MURPHY
Assistant Attorney General, of Counsel
107 Statler Towers
Buffalo, New York 14202

On October 14, 2005, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. The matter is presently before the court on Defendants' motion for summary judgment (Doc. No. 14), filed January 13, 2006.

Plaintiff Orville Rodriguez ("Plaintiff"), commenced this civil rights action *pro se* on November 2, 2004, while incarcerated in Lakeview Shock Incarceration Correctional Facility ("Lakeview") in Brocton, New York. Plaintiff seeks damages for the confiscation of two letters to his friends which Defendants, New York State Department of Corrections ("DOCS") employees Sgt. Edward Hulton ("Hulton") and Phil Greis ("Greis"), allegedly confiscated on September 12, 2004, during a search of Plaintiff's cell at

Lakeview.  In the Complaint, Plaintiff states that he never took steps to exhaust administrative remedies for his claim.  Complaint, at 5-6.

On January 13, 2006, Defendants filed the instant motion for summary judgment (Doc. No. 14), along with supporting papers, including a Memorandum of Law (Doc. No. 15) ("Defendants' Memorandum"), a Statement of Undisputed Facts (Doc. No. 16) ("Defendants' Undisputed Facts Statement"), and the Declarations of Gries (Doc. No. 17) ("Greis Declaration"), and DOCS Inmate Grievance Program ("IGP") Supervisor Joseph Chisholm ("Chisholm"), with attached exhibits.

On January 23, 2006, the court  sent to Plaintiff at his address of record a copy of an IRBY Notice (Doc. No. 19) ("the IRBY Notice") advising Plaintiff that his failure to respond to Defendants' summary judgment motion could result in summary judgment being granted in favor of Defendants, and the dismissal of the action. The IRBY Notice was not returned to the court as undeliverable and Plaintiff did not file any response in opposition to summary judgment.  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion for summary judgment is GRANTED.

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based

upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322. Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

In support of summary judgment, Defendants argue, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies as to his claim. Defendants' Memorandum at 6-7. Not only has Plaintiff failed to oppose summary judgment and, thus, has not contested Defendants' assertion, Plaintiff also conceded in the Complaint that he has not exhausted administrative remedies as to his claim. Complaint at 5.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section ... 1983 [of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e)(a). The Supreme Court, in *Porter v. Nussle,* 534 U.S. 516, 525-27 (2002), held that the PLRA requires exhaustion in all inmate suits about prison life, regardless of the federal right or statute asserted.

New York State provides a grievance procedure for inmates. Pursuant to section 139 of the New York State Corrections Law and the regulations promulgated thereunder, inmates are permitted to file grievances concerning a variety of issues. According to 7 N.Y.C.R.R. § 701.3(e), the only issues that are not grievable involve

individual decisions or dispositions of any current or subsequent program or procedure having a written appeal mechanism which extends review outside the facility.

      The Inmate Grievance Program provides for a three-step process. A grievance is first investigated and reviewed by a committee comprised of inmates and DOCS employees. That decision is subject to review by the Superintendent. The inmate is then permitted to appeal the superintendent's determination to the Central Office Review Committee ("CORC").  7 N.Y.C.R.R § 701.7(a), (b), (c).  Only after an inmate appeals to the CORC has he been deemed to have exhausted his administrative remedies. *Parkinson v. Goord,* 116 F.Supp.2d 390, 394 (W.D.N.Y. 2000).  Accordingly, plaintiff may bring suit in federal court pursuant to 42 U.S.C. § 1983 only after he has exhausted "any available administrative remedies, including all appellate remedies provided within the [DOCS grievance] system."  *Fletcher v. Haase,* 2002 WL 313799 at *1 (S.D.N.Y. February 27, 2002) (citing *Booth v. Churner,* 532 U.S. 731, 735 (2001)).

      In the instant case, in support of summary judgment, DOCS IGP Supervisor Chisholm explains that his position provides him with access to the official inmate grievance records which DOCS maintains in the ordinary course of business.  Chisholm Declaration ¶ 1.  Chisholm's review of Lakeview's Grievance Office logs revealed that on September 21, 2004, Plaintiff filed an Inmate Grievance Complaint ("Plaintiff's Grievance"), challenging the confiscation of pictures from Plaintiff's cell which Plaintiff had intended to send home. Plaintiff's Grievance, Exh. B to Chisholm Declaration, at 1. It is unclear from the record whether Plaintiff's Grievance relates to the September 12, 2004 cell search and letter confiscation incident on which the instant action is based given that Plaintiff's Grievance does not name the individuals who allegedly confiscated

his pictures, nor specify the date when his pictures were confiscated.  Even assuming, *arguendo*, that Plaintiff's Grievance pertained to the same search on September 12, 2004, there is no indication that Plaintiff ever appealed the unfavorable decision issued with regard to Plaintiff's Grievance on October 1, 2004, Plaintiff's Grievance at 2, as required.  *Parkinson,* 116 F.Supp.2d at 394 (inmate deemed to have exhausted administrative remedies only after appealing to CORC).  Plaintiff's admitted failure to exhaust administrative grievances relative to the instant action is fatal to his claim. *Porter,* 534 U.S. at 525-27.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 14) is GRANTED; the Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  March 23, 2007
Buffalo, New York